IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Central Arizona Regional Center, LLC,<br><br>          Plaintiff,<br><br>vs.<br><br>United States Citizenship and<br>Immigration Services, et al.,<br><br>          Defendants. | No. CV-18-02748-PHX-SPL<br><br>**PRELIMINARY ORDER** |

This matter having recently come before this Court, the parties are advised of the following preliminary policies and procedures that will govern these proceedings, and are ordered as follows.

## **Governing Rules**

Both counsel and *pro se* litigants must abide by the Local Rules of Civil Procedure ("LRCiv" or "Local Rules"), Rules of Practice of the U.S. District Court for the District of Arizona, and the Federal Rules of Civil Procedure.

## **Service of Process**

Rule 4 of the Federal Rules of Civil Procedure requires that service of the summons and complaint must be accomplished on each defendant within ninety (90) days of the date of the filing of a complaint. Proof of service must be promptly filed with the Clerk of Court pursuant to Rule 4(l).

If, for good reason, Plaintiff(s) cannot serve the summons and complaint on Defendant(s) within ninety (90) days, a request for an extension of time in which to serve

the summons and complaint may be filed with the Clerk of Court prior to the expiration of the 90-day period. Any request must set forth the reason why service has not been accomplished and request a specific short period of time in which to accomplish such service.

As will be repeated throughout the duration of this case, the Court has a strict policy not to extend the dispositive motion deadline beyond the two-year anniversary of the commencement of a case. Therefore, Plaintiff(s) are encouraged to expeditiously complete service and to avoid unnecessary delay so that the pretrial period may be preserved for discovery and motion practice.

Notice is hereby provided that any Defendant that has not been timely served will be dismissed without prejudice from this action without further order pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

**Case Management Conference**

The Court will schedule a case management conference in accordance with Rule 16 of the Federal Rules of Civil Procedure once Defendant(s) have been served or have appeared in the action. As will be directed in the order setting the conference, the parties will be required to engage in a Rule 26(f) meeting and submit a Joint Rule 26(f) Case Management Report and a Joint Proposed Rule 16 Case Management Order. Outstanding motions or requests to continue the Case Management Conference will not excuse the requirement to hold a Rule 26(f) meeting or submit the joint filings.

The Court will issue a Case Management Order following the date of the scheduled conference. The Order will reflect the parties' input and the Court's considered assessment of the time necessary to complete discovery and all pretrial submissions, and will set forth additional policies and procedures that will apply in this case.

**Mandatory Initial Discovery Pilot Project ("MIDP")**

This case is subject to the MIDP, which was approved by the Judicial Conference of the United States, has been implemented in the District of Arizona by General Order

17-08, and is adopted by this Court.[1] The MIDP seeks to evaluate whether the use of streamlined preliminary discovery will reduce costs and delays in civil litigation. The following is attached to this Order:[2]

- Notice to Parties - Mandatory Initial Discovery Pilot Project
- General Order 17-08 (Oct. 13, 2017)
- Mandatory Initial Discovery Pilot Project Checklist
- Mandatory Initial Discovery Users' Manual for the District of Arizona

While this Order summarizes some of the key features of the MIDP, it is the responsibility of the parties to carefully read the materials attached to this Order to ensure familiarity and full compliance with the requirements of the MIDP.

## **Initial Discovery**

The MIDP requires the parties to exchange certain categories of preliminary court-ordered discovery referred to as "Mandatory Initial Discovery Responses" (hereinafter "MIDP Responses"). This requirement supersedes the initial disclosures required by Federal Rule of Civil Procedure 26(a)(1), and is designed to accelerate the exchange of relevant information that would otherwise be produced later in the litigation through traditional discovery requests.[3]

## **Responsive Pleadings**

The MIDP requires, with limited exceptions, that parties must file answers,

---

[1] The MIDP applies to all civil cases filed on or after May 1, 2017, except to those categories of cases exempted by the General Order, which includes: cases listed in Rule 26(a)(1)(B), actions under the Private Securities Litigation Reform Act ("PSLRA"), cases transferred for consolidated administration in this District by the Judicial Panel on Multidistrict Litigation, and cases under the 1980 Hague Convention on the Civil Aspects of International Child Abduction.

[2] These materials have also been included with the Notice issued by the Clerk of Court in this case and may be found online at the District of Arizona's Website or the Federal Judicial Center's Website. Two instructional videos are also available on these websites.

[3] The MIDP sets forth two circumstances in which MIDP Responses may be excused or deferred. However, unlike initial disclosures required by the federal rules, *see* Fed. R. Civ. P. 26(a)(1)(A)-(C), the parties may not opt out of the requirement to provide MIDP Responses, or the MIDP itself.

counterclaims, crossclaims, and replies within the time set forth in Federal Rule of Civil Procedure 12, irrespective of whether any party has filed or intends to file a motion to dismiss or other preliminary motion.[4]

## **Rule 12 Motions**

Any motion made pursuant to Federal Rule of Civil Procedure 12 is discouraged if the challenged defect in the pleading can be cured by filing an amended pleading. In accordance with LRCiv 12.1(c), the Court therefore requires: (1) *conferral* – the movant must confer with the opposing party prior to filing a motion to dismiss for failure to state a claim or counterclaim pursuant to Rule 12(b)(6), or a motion for judgment on the pleadings on a claim or counterclaim pursuant to Rule 12(c), to determine whether such motion can be avoided; and (2) *certification* – the movant must *attach* a certificate of conferral, certifying that it notified the opposing party of the issues asserted in its motion (in person, by telephone, or in writing), and that the parties conferred but were unable to agree that the pleading was curable in any part by a permissible amendment offered by the pleading party. Any motion lacking an attached compliant certificate may be summarily stricken by the Court.

## **Amendments to the Pleadings**

Parties shall endeavor not to oppose motions to amend that are filed prior to any Rule 16 Case Management Conference or the deadline set forth by any Rule 16 Case Management Order. Any motion for leave to amend or notice of amendment must be filed in accordance with Rule 15.1 of the Local Rules of Civil Procedure. Any motion or notice that does not comply with the local and federal rules may be stricken by the Court.

## **Protective Orders**

As a general practice, this Court does not approve or adopt blanket, umbrella

---

[4] *Exception*: The deadline for filing a responsive pleading may be deferred for good cause where a motion to dismiss based on lack of subject-matter jurisdiction, lack of personal jurisdiction, sovereign immunity, absolute immunity, or qualified immunity of a public official has been filed. The responsive pleading deadline however will not be deferred as a matter of course; a request for deferral must be made concurrently by separate motion, stating the specific grounds to which this exception applies.

protective orders or confidentiality agreements, even when stipulated to by the parties. Further, the fact that the parties have designated materials or information as confidential pursuant to an agreement or stipulation does not mean that the Court will order that the filings containing such information be placed under seal. In the event discovery mandates disclosure of specific, harmful, confidential material, the Court will entertain a request for a protective order at that time if it is tailored to protect the particular interests at hand in accordance with Rule 26(c) of the Federal Rules of Civil Procedure. Any party wishing to seal a record or document and shield it from public view must prove why the interest in secrecy outweighs the presumption of public access to judicial records and documents.

## **Corporate Statement**

If applicable, full compliance with Rule 7.1 of the Federal Rules of Civil Procedure is required. A Corporate Disclosure Statement form is available on the District Court's Website.

## **Filings**

All electronic filings must be filed in a PDF text searchable format in accordance with LRCiv 7.1(c). A paper copy of any document filed exceeding ten (10) pages in length must be submitted to chambers. Documents which are too large for stapling must be submitted in a three-ring binder. Electronic copies of proposed orders must be emailed in Microsoft Word® format to Logan_Chambers@azd.uscourts.gov.

## **Communications with the Court**

As a general matter, all communications with the Court regarding any case must be made on the record. Telephone calls regarding routine administrative matters in civil cases may be directed to chambers at (602) 322-7550. No member of chambers staff will provide the parties with legal advice concerning any matter.

Any inquiry regarding the status of any motion or other matter that has been under advisement for more than one hundred and eighty (180) days must be filed in the manner set forth in LRCiv 7.2(n).

### **Emergencies and Expedited Consideration**

Any party desiring expedited consideration of a motion or other matter pending before the Court may make such a request by filing a separate *Notice for Expedited Consideration* which sets forth the grounds warranting accelerated resolution of the related filing and identifies the dates of the imminent events pertinent to the request. Such requests should not be made as a matter of course nor should be made by merely noting it below the title of the related filing. Requests presented to the Court in this manner will not be considered.

### **Oral Arguments and Evidentiary Hearings**

This Court does not have a preset schedule for setting oral arguments and evidentiary hearings. The Court will schedule oral arguments and evidentiary hearings when warranted and advise the parties accordingly. Any party desiring oral argument may request it by noting it below the title of the related filing, *see* LRCiv 7.2(f); such request should be made in instances where it would assist the resolution of the motion, and not merely made as a matter of course. Any party desiring an evidentiary hearing should request it in the body of its filing. Separate motions or requests for oral argument or evidentiary hearings are subject to being stricken or may be modified on the docket to a notice.

### **Noncompliance**

The parties are specifically admonished that failure to prosecute, to comply with court orders, or to comply with the local and federal rules may result in dismissal of all or part of this case, default, imposition of sanctions, or summary disposition of matters pending before the Court. *See* Fed. R. Civ. P. 41; LRCiv 7.2 ("[i]f a motion does not conform in all substantial respects with the requirements of [the Local Rules], or if the opposing party does not serve and file the required answering memoranda… such noncompliance may be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily").

**IT IS THEREFORE ORDERED:**

1. That Plaintiff(s) must file proof of service of the summons and complaint or of waiver of service with the Clerk of Court no later than **November 28, 2018**;

2. That Plaintiff(s) must promptly serve a copy of this Order and its Attachments on Defendant(s) and file notice of service with the Clerk of Court;

3. That unless the Court orders otherwise, on **November 28, 2018**, the Clerk of Court shall **terminate** without further notice any Defendant in this action that has not been served pursuant to Rule 4(m) of the Federal Rules of Civil Procedure;

4. That, in accordance with the MIDP General Order, Defendant(s) *must* file a responsive pleading (an answer, counterclaim, crossclaim, and/or reply) within the time set forth in Federal Rule of Civil Procedure 12, irrespective of whether Defendant(s) intend to file a preliminary motion;

5. That, in accordance with the MIDP General Order, the parties must exchange MIDP Responses and file notice of service with the Clerk of Court no later than **thirty (30) days** after the first responsive pleading (an answer, counterclaim, crossclaim, and/or reply) is filed;

6. That, in accordance with the MIDP General Order, supplemental MIDP Responses shall be served on the opposing party no later than **thirty (30) days** after the information is discovered or revealed;

7. That, in accordance with the MIDP General Order, the parties must produce to the opposing party the electronically stored information identified in the MIDP Responses no later than **forty (40) days** after the MIDP Responses have been served; and

8. That unless the Court orders otherwise, the parties shall file with the Clerk of Court a notice of service of MIDP Responses, supplemental MIDP Responses, and production of ESI, rather than copies of the actual disclosures.

Dated this 4th day of September, 2018.

_____
Honorable Steven P. Logan
United States District Judge